## MARY R. BINGHAM *v.* MARVIN R. MARCY.

*Practice.    Bastardy.    Supreme and county courts.*

The 11th section of chap. XXXI. of the Comp. Stat., p. 243, authorizing the supreme or county court, in case of the loss of the writ and declaration in any action therein pending, to order a new declaration to be filed, does not apply to a prosecution for bastardy, where the original complaint, justice's record and warrant are lost.

COMPLAINT FOR BASTARDY. The complaint was entered in the county court at the May Term, 1857. At the May Term,

1858, the plaintiff showed to the court that the original complaint before the justice of the peace, and his record of the proceedings before him thereon, and the original warrant issued by him, all of which had been returned by him to and filed in the county court, were lost, that the bond of recognizance entered into by the defendant and his surety in conformity with the warrant of the justice, which still remained in court, recited the proceedings before the justice in such a way that a correct copy in substance of the original complaint, warrant and record could be made, and the plaintiff thereupon moved for leave to file a complaint, warrant and record to be in substance a correct copy of the lost originals. The county court, at the December Term, 1858,—ALDIS, J.,—presiding, granted this motion, allowed the copy presented by the plaintiff to be filed, to which the defendant excepted.

The copy so filed contained evident errors of dates, which required correction, and which the court also allowed to be corrected on affidavit of the plaintiff's attorney, showing that they occurred in making the copies by the aid of the bond of recognizance, and his recollection as to the substance of the papers which were lost.

The court then proceeded to try the case upon its merits, on the copies so filed and corrected, and the jury returned a verdict of guilty against the defendant.

*Gleed & Hendee* and *Dillingham & Durant*, for the defendant.

*Child & Benton*, for the plaintiff.

PIERPOINT, J. This was a proceeding upon a complaint of bastardy. From the exceptions it appears that after the suit was entered in court, the original complaint, warrant and records of the proceedings before the magistrate, which were brought up and filed in the county court, were lost; no copies of them appear to have been in existence. The plaintiff applied to the county court for leave to file another complaint, warrant and record that should " be in *substance* a correct copy of the originals, which were lost." The court ordered such papers to be filed, whereupon the defendant filed a motion to dismiss the proceedings, which the court overruled, and the case proceeded to trial and judgment.

It seems to be conceded by counsel, and we think correctly, that the county court had no authority to allow the filing of these new papers, as a substitute for the original, unless such authority is conferred by the statutes of this State. But it is insisted by the plaintiff that the 11th section of the 31st chapter of the Comp. Stat., relating to Process, gives the court such power. That section provides that when any writ and declaration are lost, etc., the court may order a declaration to be filed, and that such proceedings shall be had on such declaration, as, though it was the original writ and declaration in such action. This presents the question whether the proceedings in a case like the one now before us come within the letter or spirit of the statute. Can either of the papers filed in this case, under the order of the court, be called a declaration or writ within the legitimate meaning of those terms, as used in common or legal parlance? We think not. We do not think that the legislature ever intended by the use of those terms to include therein the complaint and warrant in a bastardy case. They evidently only intended that this section should apply to that class of civil proceedings that are commenced in our courts by the issuing of a writ and declaration. And although suits of this kind have long been considered in this State as civil suits for many purposes, yet for other purposes, and particularly in respect to the form of the proceedings, they have been regarded as criminal proceedings. The mode of proceeding is wholly unlike that in a civil suit. The complaint is required to be made by the woman in writing and under oath, and this is made the basis of all future proceedings; the magistrate issues his warrant and brings the accused party before him, not for the purpose of a hearing or trial, but that he may be put under bonds for his appearance at the next term of the county court, to answer to such complaint, or to be committed to jail to await the time of trial. The statute requires such complaint to be returned by the magistrate to the county court, and it is upon such complaint thus verified by the oath of the complainant, that the defendant is put upon his trial. These proceedings are quite summary and have sometimes been regarded as somewhat arbitrary. We think that after the accused has been thus arrested and bound up for trial, he has the right to

insist that he shall be tried upon the complaint as it was originally made, and not be put to trial upon another complaint not made according to the requirements of the statute, but as near like the original as the best recollection of the plaintiff or her counsel can make one. It is not claimed that the papers upon which the party was tried, were copies of the original papers. They were themselves original papers, intended to be made similar to the old ones. The original complaint, made to the magistrate, is a statement of the facts made by the party under oath. The defendant is entitled to the benefit of a comparison of her statement on the stand with the original statement.

Circumstances may have transpired between the time of making the complaint and the time of trial, that would make the statements and the complaint important testimony for the defendant. To allow the plaintiff to file a new complaint in the absence of the original one, might deprive the defendant of the benefit of this testimony, for the experience of this case shows that with the best possible intentions to make the last complaint like the first, when the case came to trial it was found that very serious errors had been committed and further alterations were required.

These considerations have no application to the filing of a new declaration in ordinary civil cases. There the plaintiff does not profess or attempt to make his new declaration a copy of or in its details at all like the original. If it is for the same cause of action it is sufficient, and the defendant can sustain no injury by the substitution. The legislature may well grant to the courts the power to allow the substitution in such cases when they would not in cases like the present.

The result is the judgment of the county court overruling the motion to dismiss the case is reversed, and judgment is entered that the suit be dismissed with costs.